IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD JAY SCHOENROGGE.,

    Plaintiff,

vs.

BENTLY M. ROBERTS, JR.,

    Defendant.

Case No. 07-1033-JTM

**MEMORANDUM AND ORDER**

Presently before the court is plaintiff Todd Jay Schoenrogge's petition for an order authorized by 28 U.S.C. § 1361 (Dkt. No. 1). For the following reasons, Mr. Schoenrogge's petition is denied.

**I. Procedural History**

Mr. Schoenrogge filed the petition currently before this court in February 2007. (Dkt. No. 1). Mr. Schoenrogge subsequently filed a supplement to his petition (Dkt. No. 4), and issued a summons to defendant Bently Roberts (Dkt. No. 8). Some time after that, this court issued an order to show cause why this case should not be dismissed for lack of prosecution (Dkt. No. 9). Mr. Schoenrogge responded in written form (Dkt. No. 10), as well as verbally through a status conference conducted by telephone, on the record, on February 27, 2008. Mr. Schoenrogge strongly expressed significant frustration concerning the handling of his case during the status conference, and later filed a follow up statement (Dkt. No. 13), in which, among other things, he expressed regret for becoming exercised during the telephone conference.

## II. Facts

Mr. Schoenrogge seeks an order of mandamus pursuant to 28 U.S.C. § 1361, directing Mr. Roberts to "perform a duty owed to [the plaintiff]" and compel Mr. Roberts to "place the attached motion to reopen before the judges of the [Merit Systems Protection Board] for a ruling on the merits." That statute bestows original jurisdiction upon district courts for mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus involves a judicial "usurpation of power" that will be exercised only in "exceptional circumstances." *Will v. United States*, 389 U.S. 90, 95 (1967). The Tenth Circuit has commented that mandamus is "an extraordinary remedial process awarded only in the exercise of sound judicial discretion." *Prairie Band of Pottawatomie Tribe of Indians v. Udall*, 355 F.2d 364, 367 (10th Cir. 1966). Before a writ of mandamus may properly issue, the following three factors must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. *Burnett v. Tolson*, 474 F.2d 877, 880 (4th Cir. 1973).

In accordance with the above standards, Mr. Schoenrogge's complaint must be dismissed under 28 U.S.C. § 1915(e)(2), even given his lenient *pro se* status. Pursuant to that statute, the court has the authority to dismiss the case at any time if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). It is clear from review of the pleadings that the claim is frivolous. Even

though Mr. Schoenrogge cites statutes and laws, he had not identified the underlying basis for any alleged right for which he has requested relief.  Although the court has no doubt about the sincerity of Mr. Schoenrogge's belief in his alleged rights which have been violated, the mere act of emphatically stating that a right has been violated does not make it true.  Because Mr. Schoenrogge has failed to state a legitimate cause of action, his request is denied and dismissed.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2008, that plaintiff Todd Jay Schoenrogge's petition for an order authorized by 28 U.S.C. § 1361 (Dkt. No. 1) is denied, and the case is thus dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE